IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEREMY GORDON SILOR                                          PLAINTIFF

V.                                NO. 12-3043

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

**<u>MEMORANDUM OPINION</u>**

       Plaintiff, Jeremy Gordon Silor, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (Doc. 1). The Defendant filed an answer to Plaintiff's action on August 26, 2010, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 10). Plaintiff filed an appeal brief on July 3, 2012. (Doc. 11).

       On August 2, 2012, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 13). The Defendant states that upon remand, the ALJ will consider the evidence in the record associated with the claimant's District Court brief, reassess the severity of the claimant's impairment(s), and obtain medical expert testimony in accordance with Social Security Ruling 83-20 and if necessary, reassess the claimant's residual functional capacity and obtain supplemental vocational expert testimony.

       The exclusive methods by which a district court may remand a social security case to the

Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, we find remand appropriate and grant the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 20th day of August, 2012.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE